T.C. Memo. 1997-265


UNITED STATES TAX COURT


MICHAEL JAMES HEUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12167-96.                    Filed June 12, 1997.


Michael James Heun, pro se.

<u>Osmun R. Latrobe</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following

deficiencies in, and additions to, petitioner's Federal income

tax:

| Year | Deficiency | Section 6653(b)(1)[1] | Additions to Tax Section 6653(b)(1)(A) | Section 6653(b)(1)(B) | Section 6653(b)(2) | Section 6654 |
|------|-----------|------------------------|------------------------|------------------------|--------------------|--------------|
| 1983 | $8,389 | $4,195 | -- | -- | * | -- |
| 1984 | ** | 6,412 | -- | -- | * | -- |
| 1985 | ** | 7,021 | -- | -- | * | -- |
| 1986 | 14,340 | -- | $10,755 | * | -- | $694 |
| 1987 | ** | -- | 17,801 | * | -- | -- |
| 1988 | 28,763 | 21,572 | -- | -- | -- | 1,850 |

* 50 percent of the interest on the portion of the underpayment attributable to fraud.
** Previously assessed upon filing of delinquent Federal income tax return (return).

The issues for decision are:

(1)  Is petitioner liable for the deficiencies determined in the notices of deficiency (notices)?  We hold that he is.

(2)  Is petitioner liable for the additions to tax for fraud for the years at issue?  We hold that he is.

(3)  Is petitioner liable for the additions to tax under section 6654 for 1986 and 1988?  We hold that he is.

## Background

This case was submitted on the basis of the facts and evidence that the Court deemed to be established for purposes of this case in its Order under Rule 91(f) dated January 10, 1997.

At the time the petition was filed, petitioner resided in Bethany, Oklahoma.

Petitioner filed a joint return for 1983.  He did not

---

[1]  All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

thereafter file a return for that year claiming "married filing separate" status. Petitioner did not timely file returns for 1984, 1985, 1986, 1987, and 1988.

On November 20, 1990, petitioner was convicted by a jury of attempting to evade or defeat tax for 1983 under section 7201 and of willfully making and subscribing a false return for the same year under section 7206(1). On the same date, petitioner was convicted by a jury of willfully failing to file returns for 1984, 1985, 1986, 1987, and 1988 under section 7203. The U.S. Court of Appeals for the Ninth Circuit affirmed those convictions.

After serving a portion of his sentence for the foregoing crimes, petitioner was placed on probation. As one of the conditions of that probation, petitioner was required to file a return for each of the years 1984 through 1988. As required by law, petitioner was to report in those returns his wages from employment during those years as well as other income and deductions.

On or about August 5 or August 9, 1993, petitioner filed returns for the years 1984 through 1988 with the Internal Revenue Service Center in Austin, Texas (Austin Service Center). Each of those returns bore petitioner's signature and the words "without prejudice" appeared above his signature. Petitioner claimed "married filing separately" status in each of the returns for the years 1984 through 1988 and reported total income from wages for

those years in the following amounts:

| Year | Wages |
|------|-------|
| 1984 | $52,500 |
| 1985 | 57,300 |
| 1986 | 58,526 |
| 1987 | 87,645 |
| 1988 | 111,350 |

Attached to each of the returns for 1984 through 1988 were documents entitled "Statements" and "Declarations" of petitioner in which, among other things, he asserted that the wages that he received were not taxable income and that he was a nonresident alien.

At or very shortly before the time petitioner filed returns for 1984 through 1988 with the Austin Service Center, he filed a Form 1040NR (U.S. Nonresident Alien Income Tax Return) for each of those years with the Internal Revenue Service Center in Philadelphia, Pennsylvania, in which he reasserted his claim that he was a nonresident alien and that he owed no taxes to the United States.

During each of the years at issue, petitioner, who was licensed as a certified public accountant by the State of Arizona, was employed by Dixon Properties, Inc. and/or Dixon International Holdings (U.S.A.), Inc. (Dixon) as vice president in charge of finance and corporate comptroller. The major source of income for petitioner during the years 1983 through 1988 was Dixon. In his capacity as financial officer of Dixon, petitioner

was able to, and did, prevent a Form W-2 (Wage and Tax Statement) from being sent by that company to him, the Internal Revenue Service, or the State of Arizona with respect to his wage income for each of the years 1984 through 1988. Nor were any Forms 1099 filed in the name of petitioner for those years.

During 1985, petitioner established The Five Star Trust and began to transfer certain of his assets into the name of that trust.

### Discussion

Petitioner bears the burden of proving that respondent's determinations in the notices of the deficiencies and the additions to tax under section 6654 are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Respondent bears the burden of proof on the fraud issue, and that burden is to be carried by clear and convincing evidence. Rule 142(b); sec. 7454(a).

Throughout the course of this proceeding from its commencement when petitioner timely filed a petition in this Court through the brief that he filed after this case was submitted, petitioner has persisted in advancing matters that are, inter alia, frivolous, groundless, irrelevant, immaterial, and/or nonsensical.

On the record before us, we find that petitioner has failed to show error in respondent's determinations of the deficiencies and the additions to tax under 6654. Consequently, we sustain

those determinations.

We now turn to the fraud issue.  We deal separately with 1983, the year for which petitioner was convicted of, inter alia, criminal tax evasion under section 7201.  We conclude that that conviction collaterally estops petitioner from denying that the underpayment for 1983 is due to fraud for purposes of section 6653(b).  E.g., DiLeo v. Commissioner, 96 T.C. 858, 885-886 (1991), affd. 959 F.2d 16 (2d Cir. 1992).

With respect to each of the years 1984 through 1988, respondent must prove by clear and convincing evidence that an underpayment exists and fraudulent intent.  Rule 142(b); sec. 7454(a).  Petitioner filed delinquent returns for each of those years in which he showed that he received wages.  On the record before us, we find that an underpayment exists for each of the years 1984 through 1988.

In order to prove fraudulent intent, the U.S. Court of Appeals for the Tenth Circuit (Court of Appeals), to which an appeal in this case would ordinarily lie, has held that

> a taxpayer is not liable for the civil fraud penalties unless he commits some affirmative act of concealment or misrepresentation.  Mere failure to file, whether disclosed or not, does not justify the fraud penalties even when the taxpayer knows that taxes are due.  [Zell v. Commissioner, 763 F.2d 1139, 1146 (10th Cir. 1985), affg. T.C. Memo. 1984-152.]

Applying the foregoing proof requirements that the Court of Appeals imposes on respondent, see Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), respondent

must show by clear and convincing evidence some affirmative act by petitioner of concealment or misrepresentation, such as filing false information or attempting to mislead respondent, see Zell v. Commissioner, supra at 1146, in order to prove fraudulent intent for each of the years 1984 through 1988.

The record in this case establishes that, in his capacity as financial officer of Dixon, his employer, petitioner, a licensed certified public accountant, was able to, and did, prevent a Form W-2 from being sent by that company to the Internal Revenue Service with respect to the money that that company paid him during each of the years 1984 through 1988. It is implausible to us that petitioner's training and experience as a certified public accountant would lead him to conclude that his employer was not required to file a Form W-2 for any of those years. We find petitioner's preventing his employer from filing a Form W-2 for any of the years 1984 through 1988 to be an affirmative act by petitioner of concealing the money that that company paid him during those years. See Zell v. Commissioner, supra at 1146. In addition, for each of the years 1984 through 1988, petitioner failed to file timely a return,[2] was convicted of willfully failing to file a return under section 7203, and attempted to evade reporting a substantial amount of income by such failure.

---

[2] Petitioner filed delinquent returns for the years 1984 through 1988 because he was required to do so as one of the conditions of his being placed on probation after he served a portion of his sentence for his convictions under secs. 7201, 7206(1), and 7203.

Based on our review of the record in this case, respondent has persuaded us by clear and convincing evidence of petitioner's fraudulent intent with respect to the underpayment for each of the years 1984 through 1988 that is attributable to his wage income. Accordingly, we sustain respondent's determinations (1) for each of the years 1984 and 1985 (a) under section 6653(b)(1) and (b) under section 6653(b)(2) to the extent based on the previously assessed underpayment for each such year that is attributable to petitioner's wage income;[3] (2) for each of the years 1986 and 1987 under section 6653(b)(1)(A) and (B); and (3) for 1988 under section 6653(b)(1).

Although respondent has not requested a penalty under section 6673, this Court is authorized to impose such a penalty in cases where the taxpayer's position is frivolous or groundless or the proceeding was instituted or maintained primarily for delay. Sec. 6673(a)(1)(A) and (B); Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984). Under the circumstances presented here, we conclude that petitioner's positions in this case that,

---

[3] The notice of deficiency for petitioner's taxable years 1984 and 1985 determined, inter alia, that petitioner is liable for each such year for the addition to tax under sec. 6653(b)(2) with respect to a previously assessed underpayment that is attributable to not only petitioner's wage income for 1984 and 1985 in the amounts of $52,500 and $57,300, respectively, but also capital gain and interest income of $967 and $1,600, respectively. Respondent has failed to prove the requisite fraudulent intent with respect to such assessed underpayment for each of the years 1984 and 1985 that is attributable to such capital gain and interest income. See sec. 6653(b)(2).

inter alia, he is not liable for income tax on the wages that he received during the years 1984 throughout 1988 and that he was a nonresident alien during those years are frivolous and groundless. We further conclude that petitioner instituted and maintained this proceeding primarily for delay. Accordingly, we hold that petitioner is liable for a penalty under section 6673 in the amount of $25,000.

To reflect the foregoing,

Decision will be entered under Rule 155.